LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
THE CHINA NAVIGATION CO. LTD. and INDOTRANS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GULF UNION INSURANCE & RISK
MANAGEMENT CO. (E.C.),                                             **ECF CASE**

                        Plaintiff,

      - against -                                      07 CV 5875 (KMK)

INDOTRANS; THE CHINA NAVIGATION
CO., LTD. d/b/a INDOTRANS; THE
CHINA NAVIGATION CO., INC.
d/b/a INDOTRANS; M/V "INDOTRANS
JAVA"; M/V "INDOTRANS FLORES"; M/V
"INDOTRANS CELEBES", M/V "PACIFIC
MAKASSAR", their engines, tackles, boilers,     **ANSWER TO**
etc.,                                           **COMPLAINT**

                        Defendants.
-------------------------------------------------------------------X

      Defendants THE CHINA NAVIGATION CO. LTD. d/b/a INDOTRANS, and

THE CHINA NAVIGATION CO., INC. d/b/a INDOTRANS ("CNCO") and

INDOTRANS ("INDOTRANS"), by their attorneys Lyons & Flood, LLP, for their

Answer to plaintiff's Complaint allege, upon information and belief, as follows:-

      1.     Admit that this is an admiralty and maritime claim within the meaning of

Rule 9(h) with respect to the carriage of the subject cargo by sea, but except as so

specifically admitted herein, deny the remaining allegations of paragraph 1 of the

Complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Admit that defendants CNCO and INDOTRANS are corporations organized under the laws of foreign sovereigns, but except as so specifically admitted herein, deny the remaining allegations of paragraph 3 of the Complaint.

4.     Admit that defendants CNCO and INDOTRANS conduct business in the State of New York and the United States as a whole as common carriers of cargo for hire and that defendants' bills of lading include a Southern District of New York forum selection clause, but except as so specifically admitted herein, deny the remaining allegations of paragraph 4 of the Complaint.

5.     Admit that the captioned vessels were at all material times owned and managed by defendant CNCO, but except as so specifically admitted herein, deny the remaining allegations of paragraph 5 of the Complaint.

6.     Admit that on or about the dates and at the ports of shipment stated in Schedules A, B, C, D and E, there was shipped by the shipper therein named and delivered to said vessels the shipments described in the bills of lading, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedules A, B, C, D, and E, and there deliver the same, but except as so specifically admitted herein, deny the remaining allegations of paragraph 6 of the Complaint.

7.     Deny the allegations contained in paragraphs 7 and 8 of the Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

9. Deny plaintiff's prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

10. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

11. Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

12. The shipments described in plaintiff's Complaint are subject to all the terms, conditions, and exceptions contained in certain bills of lading then and there issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bills of lading agreed to be and are bound. Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage to the shipments, which defendants expressly deny, was due to causes for which defendants are not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq*. approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

**FOURTH AFFIRMATIVE DEFENSE**

13. Due diligence was exercised on the part of defendants to make the Vessels and her appurtenances seaworthy, and to make all other parts of the vessels in which goods are carried, fit and safe for their reception, carriage, and preservation.

**FIFTH AFFIRMATIVE DEFENSE**

14. If the shipments were damaged, which defendants expressly denies, the

damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which the defendants are not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

### SIXTH AFFIRMATIVE DEFENSE

15. Any damage to the shipments, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which defendants are not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to mitigate reasonably its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

16. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shippers or their agents or servants or owner of the goods for which defendants are not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

### NINTH AFFIRMATIVE DEFENSE

17. The maximum liability of defendants, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

18. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port and

discharge port.

### ELEVENTH AFFIRMATIVE DEFENSE

19. If plaintiff's cargo sustained any loss or damage, which defendants expressly deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

### TWELFTH AFFIRMATIVE DEFENSE

20. If plaintiff's cargo sustained any loss or damage, which defendants expressly deny, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receivers/consignees as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ships, and the carrier is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. The Court lacks jurisdiction over the M/V "INDOTRANS JAVA" (now "PACIFIC JAVA"), M/V "INDOTRANS FLORES" (now "PACIFIC FLORES"), M/V "INDOTRANS CELEBES" (now "PACIFIC CELEBES"), and M/V "PACIFIC MAKASSAR" *in rem*.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

WHEREFORE, defendants THE CHINA NAVIGATION CO. LTD. and INDOTRANS pray:-

a. that judgment be entered in favor of defendants THE CHINA NAVIGATION CO. LTD. and INDOTRANS and against plaintiff, dismissing the Complaint herein together with costs and disbursements of this action; and

b. that judgment be entered in favor of defendants THE CHINA NAVIGATION CO. LTD. and INDOTRANS herein for such other and further relief as the Court deems just and proper.

Dated: October 25, 2007

> LYONS & FLOOD, LLP
> Attorneys for Defendants
> THE CHINA NAVIGATION CO.
> LTD. and INDOTRANS
>
> By: *[signature]*
> Edward P. Flood (EPF-5797)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

## CERTIFICATE OF SERVICE

Edward P. Flood, an attorney duly admitted to practice before this Honorable Court, affirms on this 25th day of October 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

> David L. Mazaroli
> Law Offices of David L. Mazaroli
> 11 Park Place, Suite 1214
> New York, NY 10007
> File Nos:   7K-1496, 7K-1498, 7K-1499
>             7K-1500 and 7K-1519

_____
Edward P. Flood

U:\kmhldocs\2605008\Pleadings\Answer.doc